UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

```
-------------------------------------------------------x
LAWRENCE FULTZ,                              :
an individual,                               :   CASE NO.:
                                             :
         Plaintiff,                          :
                                             :   Judge:
vs.                                          :
                                             :
                                             :   Magistrate:
                                             :
DOCTOR'S ASSOCIATES INC.                     :
RETIF/WESTBANK EXP, L.L.C.                   :
RS7947 INC;                                  :
SUBWAY REAL ESTATE                           :
CORPORATION; and                             :
THE ORIGINAL ITALIAN PIE                     :
FRANCHISING COMPANY, LLC,                    :
                                             :
                                             :
         Defendants.                         :
-------------------------------------------------------x
```

## COMPLAINT

"I now lift my pen to sign this Americans with Disabilities Act and say: Let the shameful wall of exclusion finally come tumbling down. God bless you all."

- President George H. W. Bush, July 26, 1990

Plaintiff, LAWRENCE FULTZ, by and through his undersigned counsel, hereby files this Complaint and sues DOCTOR'S ASSOCIATES INC. (hereinafter referred to as "DOCTOR"), RETIF/WESTBANK EXP, L.L.C. ("RETIF"), RS7947 INC ("RS7947"), SUBWAY REAL ESTATE CORPORATION (hereinafter referred to as "SUBWAY") and THE ORIGINAL ITALIAN PIE FRANCHISING COMPANY, LLC ("ITALIAN PIE") (collectively referred to as "DEFENDANTS"), for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

1

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff, LAWRENCE FULTZ, (hereinafter referred to as "MR. FULTZ"), is a resident of Jefferson Parish, Louisiana. MR. FULTZ resides less than one (1) mile away from the facility which is the subject of this action.

4. MR. FULTZ is a qualified individual with a disability under the ADA. MR. FULTZ is an amputee at the left leg from the hip down.

5. Due to his disability, MR. FULTZ is substantially impaired in several major life activities and requires a wheelchair for mobility or crutches for mobility.

6. Upon information and belief, DOCTOR is a corporation registered in the State of Louisiana and is doing business in Jefferson Parish.

7. Upon information and belief, DOCTOR is incorporated in the State of Florida with the domicile of 700 S. Royal Poinciana Blvd., STE 500, Miami Springs, FL 33166.

8. Upon information and belief, SUBWAY is a corporation incorporated in the State of Delaware and doing business in Jefferson Parish. Upon information and belief, SUBWAY is domiciled at 2711 Centerville Road, Wilmington, Delaware, 19808.

9. Upon information and belief, ITALIAN PIE is a limited liability company organized in the state of Louisiana and doing business in Jefferson Parish. Upon information and belief, ITALIAN PIE has its principle business establishment in New Orleans, Louisiana.

10. Upon information and belief, RS7947 owns immovable property in Jefferson Parish, Louisiana.

11. Upon information and belief, RS7947 is the owner of the real properties and improvements that are the subject of this action, to wit: a shopping center located at 4901-4909 Westbank Expressway, Marrero, Louisiana 70072. (hereinafter referred to as "the Property").

12. The Property is a small shopping center which contains two tenants: Subway and the Original Italian Pie.

13. Upon information and belief, SUBWAY is a lessee at the Property. The Subway restaurant #7947 is operated in the space leased by SUBWAY at the Property.

14. Upon information and belief, ITALIAN PIE is the franchisor of a franchisee which operates an Italian Pie restaurant at the Property.

15. Upon information and belief, there exists a franchise agreement between ITALIAN PIE and its franchisee.

16. Upon information and belief, under the terms of the franchise agreement the ITALIAN PIE can control how the franchisee modifies its restaurant.

17. Upon information and belief, DOCTOR is the franchisor of approximately 20,000 "Subway" restaurants, including the Subway restaurant located at the Property.

18. The Subway restaurants are retail establishments devoted to the preparation and sale of sandwiches, salads, and other food items.

19. Upon information and belief, a franchisee entered into an agreement with DOCTOR to use the Subway trademark and system at the Property.

20. Upon information and belief, under the franchise agreement DOCTOR can control how the franchisee makes modifications to the restaurant at the Property.

21. Upon information and belief, DOCTOR and the United States of America entered into a settlement agreement in July of 2007 (the "Settlement Agreement"), in resolution of claims that Subway restaurants were not accessible to individuals with disabilities in violation of Title III of the ADA. See Exhibit A.[1]

22. Upon information and belief, under the Settlement Agreement DOCTOR made certain admissions and DOCTOR agreed to control how its franchisees' restaurants are modified to improve accessibility for the disabled.

23. Upon information and belief, under the Settlement Agreement, DOCTOR made the following admission:

- "[DOCTOR] admits that it participates in the initial design of the Shops, and contends that its designs have been ADA-compliant since at least 1993." See Exhibit A, ¶ 6.

24. Upon information and belief, under the Settlement Agreement DOCTOR agreed to require that its franchisees modify their restaurant to improve access for the disabled. Further, under the Settlement Agreement DOCTOR agreed to exert control over *how* its franchisees modify their restaurants to improve accessibility for the disabled. Specifically, the Settlement Agreement states:

---

[1] This settlement agreement is also publically available on the website of the Department of Justice at: http://www.ada.gov/subwayrest.htm.

- "[DOCTOR] shall institute an ADA Evaluation and Remediation Program, whereby it will (1) require its Franchisees and DAs to evaluate (a) accessibility of the approach and entryway to Shops; (b) accessibility of the route to the rest rooms; (c) accessibility of the restrooms; and (d) where the remodeling has been completed as of the Effective Date of the Agreement, the elements described in Paragraph 40, and (2) require Franchisees to make remediations that will makes these areas compliant with the Standards, as provided in Paragraphs 51 and 52, as applicable." See Exhibit A, ¶ 41.

25. Therefore, given paragraphs 17 through 24 and the Settlement Agreement attached as Exhibit A, DOCTOR operates the restaurant located at the Property under Title III of the ADA.

26. DEFENDANTS are obligated to comply with the ADA.

27. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Jefferson Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

28. MR. FULTZ realleges and reavers Paragraphs 1 - 27 as if they were expressly restated herein.

29. The Property is a place of public accommodation, subject to the ADA, generally located at: 4901-4909 Westbank Expressway, Marrero, Louisiana 70072.

30. Upon information and belief, MR. FULTZ has visited the Property numerous times and

desires to visit the Property again in the near future. MR. FULTZ lives less than one (1) mile away from the Property.

31. During his visits, MR. FULTZ experienced serious difficulty accessing the goods and utilizing the services offered at the Property due to the architectural barriers as discussed in Paragraph 36.

32. MR. FULTZ continues to desire to visit the Property, but fears that he will experience serious difficulty again due to the barriers discussed in Paragraph 36 which still exist.

33. The barriers discussed below in Paragraph 36 are excluding MR. FULTZ from the programs and activities offered the Property.

34. MR. FULTZ plans to and will visit the Property in the future as a patron and also as an ADA tester to determine if the barriers to access alleged herein have been modified.

35. MR. FULTZ is presently fears that he will encounter the mobility-related barriers which exist at the Property when he returns to the Property in the near future.

36. Upon information and belief, DEFENDANTS are in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. and the Property is not accessible due to, but not limited to the following barriers which presently exist at the Property:

   I. UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF RETIF:

   A. The sole accessible-designated parking space is not adjacent to an access aisle;

B. The curb ramp at the Property projects into the accessible-designated parking space;

C. There is no accessible route from the public sidewalk to the facility's entrance;

D. Other current mobility-related barriers and violations of the Americans with Disabilities Act to be identified after a complete inspection of the Property;

II. UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DOCTOR, RS7947, AND SUBWAY:

E. There is no accessible-designated seating;

F. The trashcan is located in the required 18 inches of clear floor space at the restroom door;

G. There is no knee clearance underneath the lavatory;

H. The lavatory knobs require a tight grasping and squeezing maneuver to operate;

I. In the restroom, the light switch, soap dispenser, and mirror are located too high off the finished floor;

J. Other current mobility-related barriers and violations of the Americans with Disabilities Act to be identified after a complete inspection of the Property;

III. UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS

ARE ALLEGED TO BE THE RESPONSIBILITY OF ITALIAN PIE:

K. The pipes underneath the lavatory are not insulated to prevent burns and abrasions;

L. There are no grab bars behind to the side of the water closet;

M. The paper towels, mirror, and light switch are mounted excessively high off the finished floor;

N. The water closet is mounted excessively close to the side wall; and

O. Other current mobility-related barriers and violations of the Americans with Disabilities Act to be identified after a complete inspection of the Property.

37. MR. FULTZ continues to desire to visit the Property, but will continue to experience serious difficulty until the barriers discussed in Paragraph 36 are removed.

38. MR. FULTZ intends to and will visit the Property to utilize the goods and services in the future, but fears that that DEFENDANTS will continue to discriminate against him by failing to modify the barriers at the Property.

39. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

40. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANTS.

41. Upon information and belief, removal of the barriers to access located on the Property

would provide MR. FULTZ with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

42. Upon information and belief, DEFENDANTS have failed to adopt any alternatives to barrier removal which would provide MR. FULTZ with access to the accommodation which are offered for public use at the Property.

43. Independent of his intent to return as a patron to the Property, MR. FULTZ additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

44. MR. FULTZ has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MR. FULTZ is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANTS, pursuant to 42 U.S.C. § 12205.

WHEREFORE, MR. FULTZ demands judgment against DEFENDANTS, and requests the following injunctive and declaratory relief:

A. That this Court declare that the Property owned, leased, and/or operated by DEFENDANTS are in violation of the ADA;

B. That this Court enter an Order directing DEFENDANTS to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

C. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. FULTZ; and

D. That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

THE BIZER LAW FIRM
Attorneys for Plaintiff
Andrew D. Bizer (LA # 30396)
andrew@bizerlaw.com
Garret S. DeReus (LA # 35105)
gdereus@bizerlaw.com
Amanda K. Klevorn
aklevorn@bizerlaw.com (LA # 35193)
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

By:/s/ Garret S. DeReus
    Garret S. DeReus